IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00116-RLV-DSC

| | |
|---|---|
| CADENCE PHARMACEUTICALS, INC., and SCR PHARMATOP, <br><br> Plaintiffs, <br><br> v. <br><br> EXELA PHARMA SCIENCES, LLC, EXELA PHARMSCI, INC., and EXELA HOLDINGS, INC., <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Dismissal Without Prejudice, filed January 13, 2012. (Doc. 3.)

## I. PROCEDURAL HISTORY

Plaintiffs Cadence Pharmaceuticals, Inc., and SCR Pharmatop filed Complaints against Defendants Exela Pharma Sciences, LLC, Exela Pharmsci, Inc., and Exela Holdings, Inc., for patent infringement in the United States District Court for the District of Delaware and, subsequently, in the United States District Court for the Western District of North Carolina. In the instant case, the Complaint has not been served upon Defendants, nor have Defendants answered or otherwise made an appearance. Defendants have, however, filed responsive pleadings in the first-filed action before the United States District Court for the District of Delaware. Plaintiffs, unopposed, now move to dismiss the instant case pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II. APPLICABLE STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 41 describes the circumstances under which an action may be dismissed. The purpose of Rule 41(a)(2) is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see also Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (noting that absent "substantial prejudice" to the defendant, the plaintiff's motion for voluntary dismissal without prejudice should be granted). Although Plaintiffs move to dismiss pursuant to Rule 41(a)(2), a plaintiff "may dismiss an action without a court order (i) by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1). Therefore, the plaintiffs are entitled to a voluntary dismissal without prejudice under the provisions of Rule 41(a)(1).

Even if the Court were not to treat Plaintiffs' motion as one sought pursuant to Rule 41(a)(1), the Court would grant the motion pursuant to the provisions of Rule 41(a)(2). This rule enables the Court to impose conditions on voluntary dismissal in order to ensure no such prejudice will occur. In crafting a ruling on such motions, the Court is to consider

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case.

*Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998) (unpublished disposition) (internal citations omitted).

Here, the action is near five months old, no responsive pleading has been filed, and Defendants appear not to oppose Plaintiffs' Motion to Dismiss. Thus, it is highly doubtful that

Defendants would suffer prejudice from the granting of a Rule 41(a)(2) motion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Dismissal Without Prejudice (Doc. 3) be **GRANTED**.

Signed: January 17, 2012

Richard L. Voorhees
United States District Judge